## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **GREYSTONE HEALTHCARE** | : | |
| **MANAGEMENT,** | | **JUDGE:** |
| **4042 Park Oaks Blvd., Suite 300** | : | **JAMES L. GRAHAM** |
| **Tampa, FL 33610** | | |
| **FAL-Mountain Crest, Inc.** | : | |
| *Formerly d/b/a* **Mountain Crest** | | |
| **Nursing and Rehabilitation Center** | : | |
| **2586 LaFeuille Ave** | | |
| **Cincinnati, Ohio 45211**[1] | : | Case No.: |
| as Authorized Representative of | | **2:16-cv-01024-JLG-EPD** |
| LAWRENCE HILLERICH, | : | |
| | | |
| PLAINTIFFS ARE CLASS REPRESENTATIVES | : | |
| OF THE PLAINTIFFS CLASS THEY SEEK TO | | |
| REPRESENT, | : | |
| | | |
| PLAINTIFFS, | : | |
| | | |
| v. | : | |
| | | |
| **CYNTHIA C. DUNGEY,** | : | |
| In her official capacity as the Director | | |
| of the Ohio Department of Job and Family Services, | : | |
| 30 East Broad Street 32nd Floor | | |
| Columbus, Ohio 43215 | : | |
| | | |
| And | : | |
| | | |
| **BARBARA SEARS,** | : | |
| In her official capacity as the Director of | | |
| the Ohio Department of Medicaid | : | |
| 50 West Town Street, Suite 400 | | |
| Columbus, Ohio 43215 | : | |
| | | |
| DEFENDANTS. | : | |

---

[1] Federal law requires state agencies to permit applicants and beneficiaries to designate an individual or organization to act responsibly on their behalf in assisting with the individual's application and renewal of eligibility and other ongoing communications with the state agency responsible for issuing determinations on Medicaid eligibility. *See* 42 C.F.R. § 435.923.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.      PRELIMINARY STATEMENT

Under the Medicaid Act, the Ohio Department of Medicaid and Ohio Department of Job and Family Services ("Defendants") are required to ensure Medicaid benefits are *only* paid to eligible beneficiaries for eligible services *before* paying out federal dollars. The Defendants awarded Medicaid benefits to the Plaintiff named herein and the putative class, then arbitrarily determined that Medicaid benefits should have not been paid to residents of Mountain Crest Nursing and Rehabilitation Center, hereinafter referred to as "Mountain Crest."  Federal regulations require Decertification Notices be sent to Medicaid beneficiaries prior to discontinuing benefits. The Defendants willfully and with blatant disregard to these federal regulations terminated the Plaintiff's benefits without issuing Decertification Notices. Then, the Defendants recouped the monies from Mountain Crest that had been previously paid as Medicaid benefits to the Plaintiff.  By recouping Medicaid benefits from the Plaintiff, without first issuing Decertification Notices, the Defendants have deprived the Plaintiff of notice prior to decertification.  The Defendants have further deprived the Plaintiff of his due process hearing and appeal rights afforded under the Medicaid federal regulations and the United States Constitution.

The Plaintiff seeks an Order from the Court providing injunctive relief by ordering the Defendants to issue decertification notices as required by the federal regulations prior to discontinuing Medicaid benefits and [before] seeking recoupment of same.

## II.      JURISDICTION AND VENUE

This action arises under the Federal Medicaid Act and implementing regulations at 42 USC § 1396u-2, 42 C.F.R. § 438.10, and 42 U.S.C. § 1396(a), Section 1902(a)(37)(a);  the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.,* and the Due Process and Equal Protection Clause of the United States Constitution under 42 U.S.C. § 1983. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§1331, 1343(k) and 28 U.S.C. §§2201 and 2202. Additionally, the jurisdiction of this court is invoked to secure protection to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to the Plaintiff by the Fourteenth Amendment to the Constitution of the United States and by the Equal Protection Clause, 42 U.S.C. §1983. Venue lies in this forum pursuant to 28 U.S.C. § 1391(e).

## III.    PARTIES

1.    Greystone Healthcare Management ("Greystone") is a corporation which owns and operates skilled nursing facilities throughout Ohio and Florida with corporate headquarters located at 4042 Park Oaks Blvd., Suite 300, Tampa, FL 33610. FAL-Mountain Crest, Inc. *formerly d/b/a* Mountain Crest Nursing and Rehabilitation Center is a skilled nursing facility that Greystone divested in July 2014 and which was located at 2586 LaFeuille Ave, Cincinnati, OH 45211.

2.    Plaintiff Laurence Hillerich ("Hillerich" and/or "Plaintiff") was a resident of Mountain Crest, a facility owned and operated by Greystone, who received twenty-four hour skilled nursing care. The Defendants are seeking to recoup Medicaid benefits that were paid from 7/01/12-6/30/13 in the amount of approximately $20,000. (Ex. A, Authorized Representative Form designating Mountain Crest; Ex. B, Ohio Dept. of Medicaid FY 2013 Audit).

3.    Defendant Cynthia C. Dungey is the Director of the Ohio Department of Job and Family Services ("ODJFS or Defendant"), which is the department of the State of Ohio that, under Ohio law and applicable federal regulations, was the single state agency charged with

responsibility for administering and supervising Ohio's Medicaid program before 2011. At all times material to this Complaint, Defendant Dungey acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

4.       Defendant Barbara Sears is the Director of the Ohio Department of Medicaid ("ODM or Defendant"), which is the department of the State of Ohio that, since 2011, under Ohio law and applicable federal regulations, is the single state agency charged with responsibility for administering and supervising Ohio's Medicaid program. At all times material to this Complaint, Defendant Sears acted under color of state law in administering the regulations, customs, policies, and practices material herein. She is sued in her official capacity only.

## IV. CLASS ALLEGATIONS

### A.       COMMON QUESTIONS OF LAW AND FACT.

The named Plaintiff is a member of the class the class he seeks to represent. The class consists of residents of Mountain Crest, who were provided twenty-four hour skilled nursing care. All Plaintiff and class members were insolvent and entitled to receive Medicaid benefits pursuant to federal and state law and are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.* The Defendants violated Plaintiff's rights by: (1) terminating their Medicaid benefits; (2) not issuing a Decertification Notice; (3) recouping Medicaid benefits paid to the Plaintiff from Mountain Crest; (4) deprived the Plaintiff of an appeal of the Decertification Notice; and (5) not continuing Plaintiff's Medicaid benefits. By recouping Medicaid benefits from the Plaintiff, without first issuing decertification notices, the Defendants have deprived the Plaintiff of notice prior to decertification. Thereby, depriving the Plaintiff of their due process hearing and appeal rights afforded to them under the

4

Medicaid federal regulations and the United States Constitution.  The Plaintiff seeks an Order from the Court providing injunctive relief by ordering the Defendants to issue decertification notices as required by the federal regulations prior to discontinuing Medicaid benefits and seeking a recoupment from Mountain Crest of Medicaid benefits paid to the Plaintiff.

### B.    TYPICALITY OF CLAIMS AND RELIEF SOUGHT

The claims of the named Plaintiff and the relief necessary to remedy the claims of the named Plaintiff are the same as the claims of the putative class members and the relief necessary to remedy the claims of the putative class members.  The Plaintiff seeks an Order from the Court providing injunctive relief by ordering the Defendants issue decertification notices as required by the federal regulations prior to discontinuing Medicaid benefits and seeking a recoupment of same.

### C.    NUMEROSITY AND IMPRACTICABILITY OF JOINDER

The class which Plaintiff seeks to represent is too numerous to make joinder practicable.

### D.    ADEQUACY OF REPRESENTATION

The class representatives' interests are coextensive with those of the putative class in that each seeks to remedy Defendants' violations herein stated.  The class representatives are able and willing to represent the putative class fairly and vigorously as they pursue their common claims through this action.  Plaintiff's counsel are also qualified, experienced, and able to conduct the litigation and to meet the time and fiscal demands required to litigate a class action of this size and complexity.  The combined interest, experience and resources of the named Plaintiff and their counsel to litigate competently the individual and class claims satisfy the adequacy of representation requirement.

### E.    EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS

Certification of a class of similarly situated Medicaid applicants, who were adversely treated as stated above under the Act is the most efficient and economical means of resolving the questions of law and fact that are common to the individual claims of the named Plaintiff and the putative class.  The individual claims of the named Plaintiff and those of the putative class require resolution of the common question of whether the Defendants have engaged in adverse treatment of Medicaid applicants.  The named Plaintiff seeks for himself and the putative class remedies to eliminate the Defendants' violations.  The named Plaintiff has standing to seek such relief. Without class certification, the same evidence and issues would be subject to repeated re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the class of employees as defined by the Class Definition herein are affected by these common questions of law and fact is the most efficient and judicial means of presenting the evidence and arguments necessary to resolve such questions for the named plaintiff, the putative class and the Defendants.

### F.      REQUIREMENTS OF RULE 23(b)(2)

The Defendants have acted on grounds generally applicable to the class by violating the rights of the Plaintiff as stated herein.  The Defendants' actions have violated federal and state laws.  Therefore, the Defendants' adverse actions have made temporary and permanent injunctive relief and corresponding declaratory relief appropriate with respect to the named Plaintiff and putative class as a whole. Injunctive and declaratory relief is the predominate relief sought. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of retaliation and/or administered unequal treatment.  Such relief is the factual and legal predicate for the named Plaintiff's and class members' entitlement to monetary and non-monetary remedies for losses caused by such

treatment.  The Plaintiff and the similarly situated individuals are similar because their duties are the same, their classification is the same, and their non-exempt status is the same.  The Plaintiff and the similarly situated individuals meet the collective action requirements of commonality, typicality and numerosity.

### G. CLASS DEFINITION

The class consists of residents of Mountain Crest, who were provided twenty-four hour skilled nursing care.  All Plaintiff and class members were insolvent and entitled to receive Medicaid benefits pursuant to federal and state law and are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.* The Defendants violated Plaintiff and class members' rights between 2009 and 2014 by: (1) terminating their Medicaid benefits; (2) not providing a Decertification Notice; (3) recouping their Medicaid benefits; (4) deprived them of an appeal of the Decertification Notice; and (5) not continuing their Medicaid benefits.  By recouping Medicaid benefits from the Plaintiff and class members, without first issuing decertification notices, the Defendants have deprived the Plaintiff and class members of notice prior to decertification, thereby depriving the Plaintiff and class members of their due process hearing and appeal rights afforded to them under the Medicaid federal regulations and the United States Constitution.  The Plaintiff and class members seeks an Order from the Court providing injunctive relief by ordering the Defendants to issue decertification notices to the affected Plaintiff and class between the years of 2009 and 2014 as required by the federal regulations prior to discontinuing Medicaid benefits and seeking a recoupment of same.

### V. STATEMENT OF FACTS

5.  The named Plaintiff is a member of the class he seeks to represent.  The class consists of long term residents of Mountain Crest, who were provided twenty-four hour skilled

7

nursing care and who were insolvent and entitled to receive Medicaid benefits pursuant to federal and state law and are "qualified individuals with a disability," as defined under the ADA, 42 U.S.C. § 12132 et. seq. and 28 C.F.R. § 35.130 *et. seq.*

6.    The Ohio State Medicaid Plan operates under the statutory authority of Title XIX of the Social Security Act Medical Assistance Program.

7.    As a condition of receiving federal funds, the Defendants are required to administer the Medicaid program in the State of Ohio in compliance with the Federal Medicaid Act, 42 U.S.C. §1396a(a)(8), and implementing regulations.

8.    Under the Medicaid Act, the Defendants are required to ensure Medicaid benefits are only paid to eligible beneficiaries for eligible services before the Defendants pay out federal dollars.

9.    The Defendants have recouped Medicaid benefits from beneficiaries residing in Mountain Crest SNFs, i.e, the Plaintiff, without issuing Decertification Notices.

10.   The federal regulation on Decertification and Notice Requirements, 42 C.F.R. § 431.245, states as follows:

> Notifying the applicant or beneficiary of a State agency decision.
> The agency must notify the applicant or beneficiary in writing of –
> (a) The decision; and
> (b) His right to request a State agency hearing or seek judicial review, to the extent that either is available to him.

11.   The federal regulation on the Content of the Notice of Decertification, 42 C.F.R. § 431.210, states as follows:

> A notice required under §431.206 (c)(2), (c)(3), or (c)(4) of this subpart must contain—
> (a) A statement of what action the State, skilled nursing facility, or nursing facility intends to take;
> (b) The reasons for the intended action;

(c) The specific regulations that support, or the change in Federal or State law that requires, the action;
(d) An explanation of—
    (1) The individual's right to request an evidentiary hearing if one is available, or a State agency hearing; or
    (2) In cases of an action based on a change in law, the circumstances under which a hearing will be granted; and
(e) An explanation of the circumstances under which Medicaid is continued if a hearing is requested.

The federal regulation on the Conditional and Interim Benefits/Reinstating Services is found at 44 FR 17932, Mar. 29, 1979, as amended at 57 FR 56505, Nov. 30, 1992.

12.     The Defendants are required to give advance notice of the decertification as provided in 42 C.F.R. §431.211 which requires the State or local agency must send a notice at least 10 days before the date of action, except as permitted under §§ 431.213 and 431.214.

13.     The Defendants are required to continue Medicaid benefits pursuant to 42 C.F.R. §431.230, which states:

    Maintaining services -
    (a) If the agency sends the 10-day or 5-day notice as required under §431.211 or §431.214 of this subpart, and the beneficiary requests a hearing before the date of action, the agency may not terminate or reduce services until a decision is rendered after the hearing unless—
        (1) It is determined at the hearing that the sole issue is one of Federal or State law or policy; and
        (2) The agency promptly informs the beneficiary in writing that services are to be terminated or reduced pending the hearing decision.
    (b) If the agency's action is sustained by the hearing decision, the agency may institute recovery procedures against the applicant or beneficiary to recoup the cost of any services furnished the beneficiary, to the extent they were furnished solely by reason of this section.

14.     The Defendants are required to reinstate Medicaid benefits pursuant to 42 C.F.R. §431.231, which states:

    Reinstating services -
    (a) The agency may reinstate services if a beneficiary requests a hearing not more than 10 days after the date of action.

9

(b) The reinstated services must continue until a hearing decision unless, at the hearing, it is determined that the sole issue is one of Federal or State law or policy.

(c) The agency must reinstate and continue services until a decision is rendered after a hearing if—

(1) Action is taken without the advance notice required under §431.211 or §431.214 of this subpart;

(2) The beneficiary requests a hearing within 10 days from the date that the individual receives the notice of action. The date on which the notice is received is considered to be 5 days after the date on the notice, unless the beneficiary shows that he or she did not receive the notice within the 5-day period; and

(3) The agency determines that the action resulted from other than the application of Federal or State law or policy.

(d) If a beneficiary's whereabouts are unknown, as indicated by the return of unforwardable agency mail directed to him, any discontinued services must be reinstated if his whereabouts become known during the time he is eligible for services.

15.     By recouping from Mountain Crest Medicaid benefits paid for the Plaintiff without first issuing decertification notices, the Defendants have deprived the Plaintiff and/or beneficiary of notice prior to decertification, thereby depriving the Plaintiff of his due process hearing and appeal rights afforded to him under the Medicaid federal regulations and the United States Constitution.

16.     In 2013, Ohio passed R.C 5165.49, which provides the ODM with discretion to determine whether it made over-payments of Medicaid benefits to nursing facilities and demand reimbursement. *See* R.C. 5165.49, 2013 HB 59, §  101.01, eff. Sept. 29, 2013.

17.     Under the claimed authority of R.C. 5165.49, the ODM recently audited Plaintiff for periods occurring between approximately 2009 and 2014.

18.     Among other things, the audits purport to adjust MITS (Medicaid Information Technology System) Days and adjust Patient Liability to determine amounts the Defendants should recover.

19.     Ohio's Post-Payment Review Statute, R.C. 5165.49, lacks support by any federal regulations and is preempted by the Supremacy Clause of the United States Constitution.

20.     Pursuant to the Supremacy Clause of the United States Constitution, federal law preempts state law in areas of disagreement or conflict. Preemption arises where it would not be possible to comply with both federal and state laws at the same time, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objective[s] of Congress." *Pac. Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 351 (2d Cir.2008) (quoting *United States v. Locke*, 529 U.S. 89, 109, 120 S. Ct. 1135, 1148, 146 L.Ed.2d 69, 89 (2000)). Federal courts have expressly held that, while Medicaid is a system of cooperative federalism, the same preemption analysis applies. *Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006) ("[O]nce the state voluntarily accepts the conditions imposed by Congress[,] the Supremacy Clause obliges it to comply with federal requirements"). *See*, e.g., *Lewis v. Alexander*, Case No. 2006-3963 (E.D. Pa. August 23, 2011) (holding that where a state Medicaid law conflicts with a federal Medicaid statute or regulation, the state law is unenforceable).

### A.     The Defendants' Failure to Obtain CMS Approval of Material Change in Law

21.     As a condition of receiving federal funds, the State of Ohio is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations. *See* 42 U.S.C § 1396(c).

22.     Federal law provides a procedure for CMS to approve or disapprove state statutes: A state participating in Medicaid must file a plan amendment with CMS whenever it enacts a "[m]aterial changes in State law, organization, or policy" respecting Medicaid. *See* 42 C.F.R. § 430.12(c)(1)(ii);  *See also* 42 U.S.C. § 1316(a)(1) and (b).

23.     ODM failed to obtain CMS approval of Ohio's Post-Payment Review Statute, R.C. 5165.49, 2013 HB 59, §  101.01, eff. Sept. 29, 2013, prior to enacting and applying it.

24.     Ohio's Post-payment review statute is a material change in state law, organization and policy in that it attempts to legalize a procedure in direct contravention to federal law.

### Agency's Attempt to Shift Federally Mandated Obligations to Nursing Facilities

25.     The federal regulations charge the state agency with following requisite standards on its payments to long-term care facilities. *See* 42 C.F.R. §447.250-447.256.

26.     The federal regulations are clear it is the state agency's obligation to ensure that only eligible individuals receive benefits. *See* 42 C.F.R. § 435.940; 42 CFR parts 431 and 455.

27.     The federal regulations are also clear that it is the state agency's duty to determine post-eligibility patient liability of institutionalized individuals. *See* 42 C.F.R. §435.733.

28.     Ohio's Post-Payment Review Statute attempts to shift responsibility from the state agency to the facilities for appropriately calculating benefits and patient liability.  After the state agency has failed to comply with federal regulations, it now seeks to demand repayment over three years later.

### Agency's Failure to Conduct Timely Audits Under Federal Regulations

29.     State agencies must conduct reviews of Medicaid services furnished in the first 30 days of eligibility to identify erroneous payments resulting from ineligibility and beneficiary understated and overstated liability. *See* 42 C.F.R. §431.980; 42 C.F.R. §431.812, *generally* 431.950-431.1002, Subpart Q-requirements for estimating improper payments in Medicaid and CHIP.

30. The federal regulations require that the agency must give beneficiaries timely and adequate notice of proposed action to terminate or suspend their eligibility or to reduce or discontinue services they may receive under Medicaid. *See* 42 C.F.R. §435.919.

31. Ohio's Post-Payment Review Statute disregards time limits contained in the federal regulations as to agency audits, and fails to provide the Medicaid beneficiaries with notice of proposed action to terminate their eligibility up to seven (7) years after paying the benefit.

### Agency's Failure to Retain Records

32. State agencies must retain records beyond 3-year minimum requirement if audit findings have not been resolved. *See* 42 C.F.R. §433.32; 42 C.F.R. §433.322; 45 C.F.R. §75.361.

33. During the audit process, the ODM demands the skilled nursing facilities produce records, up to seven years old, specifically individual Form 9401 for each Medicaid beneficiary, to prove the beneficiary's eligibility.

34. Given the ODM's demand of skilled nursing facilities to produce seven (7) year old records, the ODM ostensibly has failed to retain records as required by the federal regulations.

### V. CAUSES OF ACTION

### COUNT ONE - DECLARATORY JUDGMENT RELIEF

35. Plaintiff incorporates all paragraphs set out above as if fully set out herein.

36. The Defendants have recouped Medicaid benefits from beneficiaries residing in Mountain Crest SNFs, i.e, the Plaintiff, without issuing Decertification Notices thereby violating the Federal Medicaid Act and its implementing regulations under 42 C.F.R. §§ 431.245, 431.210, 431.211, 431.213, 431.214, 431.230, 431.231.

37. By recouping from Mountain Crest Medicaid benefits paid for the Plaintiff without first issuing decertification notices, the Defendants have deprived the beneficiaries of notice prior

to decertification, thereby depriving the Plaintiff of his due process hearing and appeal rights afforded to him under the Medicaid federal regulations and the United States Constitution.

38.     Under the claimed authority of R.C. 5165.49, the ODM recently audited Plaintiff for periods occurring between approximately 2009 and 2014.

39.     Ohio's Post-Payment Review Statute, R.C. 5165.49, lacks support by any federal regulations and is preempted by the Supremacy Clause of the United States Constitution.

40.     Pursuant to the Supremacy Clause of the United States Constitution, federal law preempts state law in areas of disagreement or conflict. Preemption arises where it would not be possible to comply with both federal and state laws at the same time, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objective[s] of Congress." *Pac. Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 351 (2d Cir.2008) (quoting *United States v. Locke*, 529 U.S. 89, 109, 120 S. Ct. 1135, 1148, 146 L.Ed.2d 69, 89 (2000)). Federal courts have expressly held that, while Medicaid is a system of cooperative federalism, the same preemption analysis applies. *Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006) ("[O]nce the state voluntarily accepts the conditions imposed by Congress[,] the Supremacy Clause obliges it to comply with federal requirements"). *See*, e.g., *Lewis v. Alexander*, Case No. 2006-3963 (E.D. Pa. August 23, 2011) (holding that where a state Medicaid law conflicts with a federal Medicaid statute or regulation, the state law is unenforceable).

41.     Defendants failed to obtain CMS approval of Ohio's Post-Payment Review Statute, R.C. 5165.49, 2013 HB 59, § 101.01, eff. Sept. 29, 2013, prior to enacting and applying it.

42.     Ohio's Post-payment review statute is a material change in state law, organization and policy in that it attempts to legalize a procedure in direct contravention to federal law.

43.     Ohio's Post-Payment Review Statute attempts to shift responsibility from the state

14

agency to the facilities for appropriately calculating benefits and patient liability. After the state agency has failed to comply with federal regulations, it now seeks to demand repayment over three years later.

44.     Ohio's Post-Payment Review Statute disregards time limits contained in the federal regulations as to agency audits, and fails to provide the Medicaid beneficiaries with notice of proposed action to terminate their eligibility up to seven (7) years after paying the benefit.

45.     Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff seeks a declaration by this Court.

46.     It is well settled that the district court's exercise of discretion in a declaratory judgment action should be informed by a number of prudential factors, including: (1) considerations of practicality and efficient judicial administration; (2) the functions and limitations of the federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha, <u>supra</u> note 2*, at 116, *<u>citing</u>. Wilton v. Seven Falls Company, 515 U.S. 288 (1995); <u>Green v. Mansour</u>*, 474 U.S. 64, 72-74 (1985); *Rickover*, 369 U.S. 111 at 112-13; *<u>Public Service Commission of Utah v. Wycoff Company</u>,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgment will serve a useful purpose and resolve the controversy between the parties. *Smith & Usaha, supra not*e 2, at 116 (collecting cases); *Wilton*, 515 U.S. at 288; *Green v. Mansour*, 474 U.S. 64, 74 (1985); *Rickover*, 369 U.S. 111 at 112-13*G*; *Wycoff*, 344 U.S. at 244.

## <u>COUNT TWO - VIOLATION OF THE FEDERAL MEDICAID ACT'S</u><br><u>MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE</u>

47.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

48.     In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396d(a)(4)(A), the Defendants, while acting under the color of law, has failed to provide Plaintiff with nursing facility services necessary for the health and welfare of the disabled Plaintiff.

49.     The Defendants' violations, which have been repeated and knowing, entitle Plaintiff to relief under 42 U.S.C. § 1983.

## COUNT THREE - VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

50.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

51.     Plaintiff was a Medicaid-eligible individual who required nursing facility services and resided in Ohio.

52.     The Defendants are engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services were medically necessary for Plaintiff.

53.     In violation of 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act, the Defendants, while acting under the color of law, failed to provide services to Plaintiff with "…reasonable promptness…". Furthermore, the Defendants are required to administer the Medicaid program in compliance with 42 C.F.R. §435.930 (requiring applicants be afforded Medicaid benefits without any delay).

54.     The Defendants' violations, which have been repeated and knowing, entitle Plaintiff to relief under 42 U.S.C. § 1983.

## COUNT FOUR – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

16

55.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

56.     The Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

57.     Plaintiff was a "qualified individual with a disability," as defined under the ADA, 42 U.S.C. § 12132 *et. seq.* and 28 C.F.R. § 35.130 *et. seq.*

58.     The Defendants' failure to afford Plaintiff public benefits and services, to which he was entitled under federal law, without adequate due process, and failure to grant him Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA, 42 U.S.C. § 12132 *et seq.* and 28 C.F.R. § 35.130 *et seq.*

59.     As a consequence of' Defendants' actions as described herein, Plaintiff suffered damages, including compensatory, mental anguish, and other damages.

## COUNT FIVE – VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

60.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

61.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of federal funds from discriminating against any individual by reason of disability. Public and federally-funded entities must provide programs and activities "in the most integrated setting appropriate to the needs of the qualified individual with a disability." See 28 C.F.R § 41.51(d).  Policies, practices, and procedures that have the effects of unjustifiably segregating persons with disabilities in institutions constitute prohibited discrimination under the Rehabilitation Act.

62.     Defendant is a recipient of federal funds under the Rehabilitation Act. The Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act.

63.     The actions by Defendants constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.F.R. § 41.51(d).

64.     Plaintiff is an individual who requires 24-hour skilled nursing services for his health, welfare, and survival. The Defendants' failure to grant payment of needed benefits to Plaintiff violates § 504 of the Rehabilitation act of 1973 and its implementing regulations.

65.     As a consequence of' Defendant's actions as described herein, Plaintiff has suffered damages, including compensatory, mental anguish and other damages.

## COUNT SIX – VIOLATION OF DUE PROCESS CLAUSE –AND EQUAL PROTECCTION CLAUSE UNDER 42 U.S.C. § 1983

66.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

67.     To comply with the Due Process guarantees under the United States Constitution, the Defendant must provide the Plaintiff with a meaningful notice that apprises him of the reasons for denial of assistance, the authority for the denial, and an opportunity to appeal such denial of assistance.

68.     Plaintiff is entitled to a hearing when such benefits are denied to him for the reasons enumerated under the Federal Medicaid act.

69.     Defendant's failure to issue decertification notices to Plaintiff and failure to allow for a hearing process of such action, does not adequately apprise him of the action against him, or of the reasons for the denial, or the authority for the denial. Such actions by Defendant are inconsistent with the Due Process Clause of the United States Constitution, Amendment XIV and

18

the Medicaid Act, Title XIX of the Social Security Act, Title 42 § 1396a, et seq., and its

implementing regulations.

70.     The Defendants acted wilfully, knowingly, and purposefully with the specific

intent to deprive Plaintiff of his rights, privileges, and immunities secured by the Constitution

and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the

United States and by 42 U.S.C. §1983.

71.     The above acts were committed under color of state law by the Defendants. Said

acts were committed by the Defendants by and through representatives of the Defendants acting

in their official capacities pursuant to the statutes, ordinances, laws and policies of the

Defendants

72.     As a consequence of' the Defendants' actions as described herein, Plaintiff

suffered damages including compensatory, mental anguish, and other damages.

## COUNT SEVEN – TEMPORARY AND PERMANENT INJUNCTION

73.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

74.     The above acts were committed under color of state law by the Defendants. Said

acts were committed by and through representatives of the Defendants acting in their official

capacities pursuant to the statutes, ordinances, laws and policies of the Defendants.

75.     The Plaintiff demands temporary and permanent injunctive relief requiring that

the Defendants to issue decertification notices to Plaintiff and all affected Class members, its

continued violations of the Federal Medicaid Act, the Americans with Disabilities Act, the

Rehabilitation Act.

76.     Plaintiff further demands temporary and permanent injunction requiring the Defendants to arrange for medical assistance and nursing facility services to Plaintiff and Class and allow sufficient and adequate due process rights to Plaintiff and Class;

77.     Issue an Order requiring the Defendants to automatically issue payment of Plaintiff's Medicaid benefits.

## VI. REQUESTS FOR RELIEF

1.     Issue a Declaratory Judgment in favor of Plaintiff and Class, requiring Defendants to adhere to the requirements of the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act, including issuing decertification notices to affected Plaintiff and Class between 2009 and 2014;

2.     Declare unlawful the Defendant's failure to arrange for medical assistance and nursing facility services to Plaintiff and Class; and declare unlawful Defendant's denial of due process to Plaintiff and Class;

3.     Issue Preliminary and Permanent Injunctive relief enjoining the Defendants from subjecting Plaintiff and Class to practices that violate their rights under the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act;

4.     Issue Preliminary and Permanent Injunctive relief requiring the Defendants to arrange for medical assistance and nursing facility services to Plaintiff and Class and allow due process rights to Plaintiff and Class;

5.     Award Plaintiff and Class the costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205; § 504 of the Rehabilitation Act, and 42 U.S.C. § 1988; and,

6.     Award such other relief as the Court deems just and appropriate, including, but not limited to, compensatory and punitive damages, interest, expenses and costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

/s/ Mary Pisciotta
ARDC# 0080744
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (202) 578-3758
Facsimile: (717) 909-5925
mpisciotta@s-b-b.com
*Attorney for Plaintiff*

/s/ Katie Z. Van Lake
ARDC# 6292120
sb2, Inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@s-b-b.com
*Attorney for Plaintiff*
*Upon this Court's granting of Motion Pro*
*Hac Vice Admission, to be filed*