UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREYSTONE HEALTHCARE**
**MANAGEMENT, FAL-MOUNTAIN**
**CREST NURSING AND**
**REHABIILITATION CENTER,**

    **Plaintiff,**

    v.

                                                      Civil Action 2:16-cv-1024
                                                      Judge James L. Graham
                                                      Magistrate Judge Elizabeth P. Deavers

**CYNTHIA C. DUNGEY**, *et al.*,

    **Defendants.**

## **ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 15.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## **I.**

Plaintiffs filed this action on October 26, 2016, and filed an Amended Complaint on February 22, 2017. (ECF Nos. 1 and 7.) Defendants filed a Motion to Dismiss on March 17, 2017. (ECF No. 11.) On March 27, 2017, Plaintiff filed the subject Motion to Amend, attaching their proposed Second Amended Complaint. (ECF Nos. 15 and 15-1.)

In their Motion to Amend, Plaintiffs represent that they seek leave to amend to identify four additional individuals as plaintiffs and potential class representatives. They further indicate that in their the proposed Second Amended Complaint, they have modified the language

contained in their allegations of due process violations, as well as the language in their allegations of violations of the Americans with Disabilities Act.

In their Memorandum in Opposition, Defendants assert that the Court should deny Plaintiffs' Motion to Amend as futile. According to Defendants, Plaintiffs' proposed Second Amended Complaint contains allegations plead in bad faith and "fails to cure deficiencies in the current complaint" such that it would not survive a motion to dismiss." (Defs.' Mem. in Opp. 2, ECF No. 19.)

## II.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

**III.**

As set forth above, Defendants' sole argument in opposition to Plaintiffs' Motion to Amend is that the new and modified allegations they seek to assert are offered in bad faith and would not save their claims from dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6). Because "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to amend her Amended Complaint with the understanding that Defendants are free to challenge the claims against them through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

Plaintiffs' filing of a Second Amended Complaint moots the pending Motion to Dismiss. (ECF No. 11.) Of course, as noted above, Defendants are free to file a new Motion to Dismiss or

to simply renew their Motion in the event that they conclude that no edits are necessary.

## IV.

In sum, for the reasons set forth above, Plaintiffs' Motion for Leave to File Second Amended Complaint is **GRANTED**.  (ECF No. 15.)  The Clerk is **DIRECTED** to file Plaintiffs' Second Amended Complaint, attached to their Motion as Exhibit One.  (ECF No. 15-1.)  Defendants' Motion to Dismiss is **DENIED AS MOOT** and **WITHOUT PREJUDICE** to file a motion to dismiss challenging Plaintiffs' Second Amended Complaint.  (ECF No. 11.)  Plaintiffs' Motion for Extension of Time, seeking an extension of time in which to file a Memorandum in Opposition to Defendants' Motion to Dismiss, is likewise **DENIED AS MOOT**.  (ECF No. 20.)

**IT IS SO ORDERED.**

Date: April 18, 2017                                              /s/ *Elizabeth A. Preston Deavers*
                                                                              ELIZABETH A. PRESTON DEAVERS
                                                                              UNITED STATES MAGISTRATE JUDGE